IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MITCHELL HOWARD,                    :
           Petitioner     :
                                    :
     v.                            :   CIVIL ACTION NO. 10-7408
                                    :
JOHN KERESTES,                      :
           Respondent.    :

**O R D E R**

**AND NOW**, this   24th   day of   July  , 2012, upon consideration of the pro se[1] Petition for Writ of Habeas Corpus (ECF No. 1) filed by Mitchell Howard, and after careful and independent review of the full record including the comprehensive Report and Recommendation of Magistrate Judge L. Felipe Restrepo (R&R, ECF No. 5), and after consideration of Petitioner's pro se Objections to the Report and Recommendation (ECF No. 8), it is **ORDERED** as follows:

1.     Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

2.     The Report and Recommendation is **APPROVED.**

3.     The Petition For Writ Of Habeas Corpus is **DISMISSED**.[2]

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] Petitioner entered a plead of guilty to robbery and firearms offenses in the Court of Common Pleas of Delaware County on February 22, 2007. He was sentenced to an aggregate term of fifteen to thirty years in prison. Petitioner did not appeal. His conviction became final on March 26, 2007, when the period for appealing to the Superior Court expired. *See Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997) (conviction becomes final 30 days after sentence if no appeal is filed).

    Petitioner filed a petition for collateral review under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, on February 13, 2008. The petition was denied. The Superior Court affirmed the denial, denying Petitioner's final motion for re-argument, on January 27, 2010. Petitioner did not seek review in the Pennsylvania Supreme Court. On December 16,

    4.    A certificate of appealability will not issue.[3]

**IT IS SO ORDERED.**

                                **BY THE COURT:**

                                ***/s/ R. BARCLAY SURRICK, J.***

---

2010, Petitioner filed the instant Petition. *See Houston v. Lack*, 487 U.S. 266 (1988) (a prisoner's petition is deemed filed on the date he presents it to prison officials for delivery).

    "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Generally, this period runs from the date when the state judgment becomes final. If state-level collateral review is pending, the period is tolled. § 2244(d)(1)(A)-(2). If filing the petition was impossible because of an impediment created by illegal state action, the subsequent recognition of a new right by the United States Supreme Court, or the revelation of new facts which were previously unavailable, the period runs from the first date on which the conditions which had fostered such impossibility were no longer in effect. § 2244(d)(1)(B)-(D).

    We agree with Magistrate Judge Restrepo that Petitioner's claim is time-barred pursuant to 28 U.S.C. § 2244(d). The 1-year period of limitations had run before Petitioner filed the instant Petition. Accordingly, we confine our analysis to Petitioner's Objections, which allege that counsel's ineffectiveness is the reason for the delayed filing. (Objections 1-2.)

    There is no basis for statutory tolling. As the R&R notes, the PCRA review period tolled the limitations period, but Petitioner failed to file his Petition within the requisite time after the period began to run again. (R&R 6-7.) Petitioner alleges no impediment to filing that falls within the exceptions in § 2244(d)(1).

    We further agree that there is no basis for equitable tolling. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. 408, 418 (2005). "Mere excusable neglect is not sufficient." *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 (3d Cir. 1999).

    Petitioner alleges that his PCRA counsel did not inform him of the time limit under § 2244. This does not constitute an "extraordinary circumstance." "In non-capital cases, attorney error . . . [has] not been found to rise to the 'extraordinary' circumstances" level. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

    Petitioner offers no basis for equitable tolling. Petitioner has shown neither diligent pursuit of his rights nor an extraordinary circumstance. He cannot justify equitable tolling. Since Petitioner's claims are time-barred, we do not reach the merits.

    [3] A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurist could disagree with our finding that this claim is time-barred.